# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-3141

_____

In Home Health, Inc., a Minnesota    \*
corporation,    \*

     \*

       Appellee,    \*    Appeal from the United States

     \*    District Court for the

       v.    \*    District of Minnesota.

     \*

Donna Shalala, Secretary of Health    \*
and Human Services,    \*

       Appellant.

_____

Submitted: June 14, 1999
     Filed:    September 1, 1999

_____

Before HANSEN and MAGILL, Circuit Judges, and JONES,[1] District Judge.

_____

HANSEN, Circuit Judge.

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

The Secretary of Health and Human Services (the Secretary) appeals the district court's[2] order reversing the Secretary's decision to limit reimbursement to In Home Health, Inc. (In Home) for physical therapy services provided to Medicare patients. The Secretary argues that under 42 U.S.C. § 1395x(v)(5)(A)[3] the Secretary may limit reimbursements to home health agencies for physical therapy services provided by physical therapists who are bona fide employees of the provider but who are paid on a per-visit basis. The district court found that the Secretary's interpretation of 42 U.S.C. § 1395x(v)(5)(A) was contrary to the language of the statute and granted In Home's motion to declare unlawful and set aside the Secretary's decision. We affirm.

## I.

### A. Reimbursement under the Medicare Act

In Home is a provider of services under the Medicare program. The Medicare Act provides reimbursement to Medicare providers for the lesser of the reasonable costs or customary charges for services furnished to Medicare patients. Reasonable costs are defined as actual costs less costs that are "unnecessary in the efficient delivery of needed health services." 42 U.S.C. § 1395x(v)(1)(A). When the health services delivered involve therapy services "furnished under an arrangement," then 42 U.S.C. § 1395x(v)(5)(A) limits recovery to an amount equal to the salary that would have been paid to a person in an "employment relationship," providing:

> Where physical therapy services . . . are furnished under an arrangement
> with a provider of services . . . the amount included in any payment to
> such provider . . . as the reasonable cost of such services (as furnished

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[3]All references are to the 1988 version of the United States Code in effect at the time the costs in dispute arose.

under such arrangements) shall not exceed an amount equal to the salary which would reasonably have been paid for such services . . . to the person performing them if they had been performed in an employment relationship with such provider or other organization (rather than under such arrangement) . . . as the Secretary may in regulations determine to be appropriate.

42 U.S.C. § 1395x(v)(5)(A).

Pursuant to the statute, the Secretary promulgated regulations entitled "Reasonable Cost of Physical and Other Therapy Services Furnished Under Arrangements," which states in part:

The reasonable cost of the services of physical . . . therapists . . . furnished under arrangements . . . with a provider of services . . . may not exceed an amount equivalent to the prevailing salary and additional costs that would reasonably have been incurred by the provider . . . had such services been performed by such person in an employment relationship, plus the cost of other reasonable expenses incurred by such person in furnishing services under such an arrangement.

42 C.F.R. § 413.106(a) (1992).[4]

_____

[4]The language of 42 C.F.R. § 413.106(a) has not changed since 1992. However, in 1998, 42 C.F.R. § 413.106(c)(5) was amended to provide:

If therapy services are performed in situations where compensation to a therapist employed by the provider is based, at least in part, on a fee-for-service or on a percentage of income (or commission), the guidelines will apply. The entire compensation will be subject to the guidelines in cases where the nature of the arrangements is most like an under "arrangement" situation, although technically the provider may treat the therapists as employees. The intent of this section is to prevent an

3

The "prevailing salary"referenced in the regulation is determined by using the Salary Equivalency Guidelines (the Guidelines) published by the Secretary in the Federal Register. The final notice in the Federal Register states, "This notice establishes revised schedules of salary equivalency guidelines for Medicare reimbursement for the reasonable costs of physical therapy and respiratory therapy services furnished under an arrangement <u>by an outside contractor</u> . . . ." 48 Fed. Reg. 44922 (1983) (emphasis added).[5]

If the provider of services under the Medicare program is not satisfied with the amount of reimbursement determined and the amount in controversy exceeds $10,000, the provider can request a hearing before the Provider Reimbursement Review Board (PRRB). The decision of the PRRB is final unless the Secretary on her own motion decides to affirm, reverse, or modify the PRRB decision. If the provider is dissatisfied with the final agency determination, it may then seek judicial review in accordance with the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.

## B. Factual and Procedural Background

In Home is a provider of home health care to Medicare beneficiaries throughout fourteen states. During the fiscal year in dispute, 1992, In Home operated under the name Home Health Plus in San Leandro and Concord, California. The physical therapist costs in dispute arose out of the San Leandro and Concord offices. The

employment relationship from being used to circumvent the guidelines.

The Secretary acknowledges in her brief that this amendment does not apply in this case.

[5]The Guidelines were not updated again until 1997. However, the 1983 Federal Register notice provides a monthly increase of the Guideline amount for subsequent months. <u>See</u> 48 Fed. Reg. 44922, 44928 (1983).

regional intermediary responsible for administering Medicare payments for services provided by those offices was Blue Cross and Blue Shield of Iowa.

In 1992, In Home provided 15,925 physical therapy visits to Medicare patients. In Home utilized both outside suppliers of physical therapy services and its own employees who were paid on a per-visit basis. The physical therapy visits provided by In Home's own employees totaled 14,685. These employees had entered into an employment agreement with In Home in which the employee agreed to accept an on-call position and to accept clients for treatment on the days which the employee designated that he or she was available to work. The employment agreement also stated that the employee could terminate at any time by giving a two-week written notice. In addition, the employee agreed not to accept employment, for a period of six months, with any home care company in a contractual relationship with In Home. In Home withheld the employee share of FICA and Medicare taxes and paid the employer's share. It also paid the required amounts for worker's compensation insurance. The employment agreement entitled the employees to participate in In Home's 401(k) plan, health insurance plan, and stock purchase plan--benefits that are only provided to In Home's employees. The Secretary does not dispute that these therapists were employees of In Home.

In Home sought reimbursement from Blue Cross and Blue Shield of Iowa for the physical therapy services provided by its employees. Blue Cross and Blue Shield of Iowa applied the Guidelines to determine the reasonableness of the costs incurred by In Home. As a result of applying the Guidelines, Blue Cross and Blue Shield disallowed $207,000 in claimed reimbursements.

In Home appealed to the PRRB. The PRRB reversed the disallowance, finding that the Guidelines should not have been applied to In Home's employees. The Secretary reversed the PRRB's ruling. In Home then sought judicial review in the District of Minnesota. The district court concluded that the Secretary's decision was

5

arbitrary and capricious because the Secretary failed to adequately explain the decision. On remand, the Secretary again reversed the PRRB ruling. The Secretary specifically found that Blue Cross and Blue Shield of Iowa properly applied the Guidelines to In Home's physical therapy compensation. In Home again sought judicial review and filed a motion to declare unlawful and set aside the Secretary's decision. The district court granted In Home's motion. The Secretary appeals.

## II.

The Secretary argues that the district court erred by not allowing her to apply the Guidelines in this situation. She contends that the statute distinguishes between services furnished "under an arrangement" and those provided through a salaried "employee relationship" and, therefore, In Home's employees, who were not salaried but who were paid on a per-visit basis, were subject to the Guidelines promulgated pursuant to 42 U.S.C. § 1395x(v)(5)(A). Further, the Secretary argues that because the plain language of the statute is silent or ambiguous on the issue of whether it should be applied to employees compensated on a per-visit basis, the Secretary's interpretation should be upheld because it is reasonable.

"Under the APA, the Secretary's decision shall be set aside if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law." Hennepin County Med. Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir. 1996); see 5 U.S.C. § 706. "Federal court review is de novo." Hennepin County Med. Ctr., 81 F.3d at 748. "The plain meaning of a statute controls, if there is one, regardless of an agency's interpretation." Id. (citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). "An agency's interpretive rules, which are not subject to APA rulemaking procedures, are nonbinding and do not have the force of law." Id.

We find that 42 U.S.C. § 1395x(v)(5)(A) does not provide a basis for the application of the Guidelines to In Home's employee physical therapists. The first part of the sentence in 42 U.S.C. § 1395x(v)(5)(A) explains that the subsection applies to persons providing physical therapy services "under an arrangement" with a provider. The second part of the sentence explains that the reasonable cost of compensation for persons "under an arrangement" is calculated by reference to the salary which would reasonably have been paid to the person if that person had been in an "employment relationship" with the provider. The plain meaning of 42 U.S.C. § 1395x(v)(5)(A) and 42 C.F.R. § 413.106, which uses similar language, distinguishes between services provided "under an arrangement" and those provided by a person in an "employment relationship." It is clear from the language that a physical therapist who is "under an arrangement" is different from a person in an "employment relationship" with the provider. The Guidelines apply to a person "under an arrangement." The final notice in the Federal Register indicates that a person "under an arrangement" is an outside contractor. The Secretary's attempt to now further limit the term "employment relationship" to mean only salaried employees is not supported by the statute or the Secretary's contemporaneous interpretation as reflected in the 1992 regulation.

The statutory reference to "the salary which would reasonably have been paid" to a person in an employment relationship does not render a nonsalaried employee subject to the Guidelines as a person "under an arrangement." The term "salary" as used in this manner and not specifically defined in the statute can be as generic as "a remuneration for services given." See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2003 (1986). Thus, the statute requires nothing more than that a provider should be reimbursed for the services performed by a nonemployee, i.e., an outside contractor working under an arrangement with the provider, similarly to what an employer reasonably would pay its employee for such services. Services provided by a provider's employee are themselves subject to a reasonableness requirement. See 42 U.S.C. § 1395x(v)(1).

The Secretary points to her own Provider Reimbursement Manual (PRM) to support her position that the Guidelines should be applied to In Home's employee physical therapists.  The PRM explains:

> The guidelines apply only to the costs of services performed by outside suppliers, not to the salaries of providers' employees.  However, the costs of the services of a salaried employee who was formerly an outside supplier of therapy or other services, or any new salaried employment relationships, will be closely scrutinized to determine if an employment situation is being used to circumvent the guidelines.  Any costs in excess of an amount based on the going rate for salaried employee therapists must be fully justified.

> In situations where compensation, at least in part, is based on a fee-for-service or on a percentage of income (or commission), these arrangements will be considered nonsalary arrangements, and the entire compensation will be subject to the guidelines in this chapter.

PRM § 1403.

We have construed the PRM to contain only nonbinding interpretative rules that have not been subjected to APA rulemaking procedures.  Shalala v. St. Paul-Ramsey Med. Ctr., 50 F.3d 522, 527-28 n.4 (1995).  To the extent the PRM supports the Secretary's view that paid per-visit employees are subject to the Guidelines, we conclude that this agency interpretation is contrary to the plain language of the statute as articulated above.  Accordingly, we cannot defer to the Secretary's interpretation.

We need not reach the Secretary's second argument regarding reasonableness because we conclude the plain meaning of  42 U.S.C. § 1395x(v)(5)(A) controls.

III.

We affirm the district court's reversal of the Secretary's decision and hold that the Secretary may not apply the Guidelines to In Home's employee physical therapists.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT