**HIGH COUNTRY HOME HEALTH, INC., Plaintiff,**

v.

**Donna E. SHALALA, Secretary of the United States Department of Health and Human Services; Defendants.**

**No. 97–CV–1036–J.**

United States District Court, D. Wyoming.

Dec. 20, 1999.

R. Douglas Dumbrill, Lubnau Hand & Bailey, Gillette, WY, Charles F. MacKelvie, Suzanne Ellis, David J. Ryan, MacKelvie & Associates, Chicago, IL, for High Country Health Inc., a Wyoming corporation, plaintiff.

L. Robert Murray, Thomas D. Roberts, U.S. Attorney's Office, Cheyenne, WY,

Donald H. Romano, Department of Health and Human Services, Baltimore, MD, Elizabeth E. Kondonijakos, Department of Health and Human Services, Washington, DC, for Health and Human Services Secretary aka Donna E. Shalala, defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER DECLARING UNLAWFUL AND SETTING ASIDE SECRETARY SHALALA'S MAY 20, 1997 DECISION DENYING PLAINTIFF REIMBURSEMENT FOR CERTAIN PHYSICAL THERAPY EXPENSES**

ALAN B. JOHNSON, Chief Judge.

The Plaintiff's Motion for An Order to Declare Unlawful and Set Aside Secretary's Decision of May 20, 1997 and the Defendant's Memorandum in opposition thereto came before the Court for hearing April 28, 1998. Appearing for plaintiff were Charles MacKelvie of Chicago, Illinois and R. Douglas Dumbrill of Gillette, Wyoming; appearing for the defendant were Robert Murray, Assistant United States Attorney, Elizabeth Kondonijakos of Washington, D.C. and Donald Romano of Baltimore, Maryland. The Court, after hearing arguments of counsel, and after having reviewed the pleadings and administrative record, and the applicable law, FINDS and ORDERS as follows:

### Background

This is an appeal of an order of the Secretary's May 20, 1997 decision denying plaintiff reimbursement for certain physical therapy expenses. The Secretary's decision reverses the unanimous decision of the Provider Reimbursement Review Board (PRRB) and denies plaintiff reimbursement for certain physical therapy expenses plaintiff incurred in providing Medicare services. The Secretary's decision denied plaintiff approximately $28,000 of its claimed reimbursement for the costs of physical therapy services provided by plaintiff's physical therapists to Medicare beneficiaries.[1]

The plaintiff's employee therapists were paid on a fee for service basis rather than upon a salaried basis, with average fee for service of $62.19. The Secretary, pursuant to a provision of the Provider Reimbursement Manual, applied the Salary Equivalency Guidelines, which are cost limits to these services, to set a rate of $51.04 per visit for the region in question.

The plaintiff contends that the Secretary erroneously applied the Salary Equivalency Guidelines, pursuant to 42 U.S.C. § 1395x(v)(5)(A), authorizing her to establish limits on the amount that a provider of Medicare services may be reimbursed for physical therapy services provided by outside suppliers. Plaintiff argues that the Secretary should not have applied the Salary Equivalency Guidelines to limit reimbursement for services that were provided by plaintiff's own employees. The PRRB concluded that there was no statutory or regulatory basis for the application of the Salary Equivalency Guidelines to employee physical therapists.

Plaintiff is a Wyoming corporation providing home health care to Medicare beneficiaries and other patients in Wyoming. The dispute arises because plaintiff's employees—and it is not disputed that they are in fact employees—are paid on a fee-per-visit basis rather than on a salaried or hourly basis. Plaintiff withholds applicable taxes, pays FUTA, SUTA, and workers' compensation insurance, maintains an office for its employees, and employees are entitled to participate in High Country's health insurance plan and stock purchase plan, in accordance with the company's eligibility requirements.

Under the applicable statutes, a Medicare provider is entitled to be reimbursed actual costs, both direct and indirect, found to be necessary to the efficient delivery of needed health services. An exception to

---

**1.** Plaintiff asserts that absent reversal by the Court, application of Secretary's decision to all cost years through 1997 could cause plain-tiff's reimbursement for physical therapy services already rendered to Medicare beneficiaries to be reduced by approximately $100,000.

the general rule that a provider's reasonable costs are to be reimbursed is a limit established by Congress on the amount that a provider may be reimbursed for physical therapy services it provides "under an arrangement" with another provider, usually pursuant to an arrangement with an outside supplier as opposed to services rendered through the provider's own employees. The limitation is that costs of services of physical therapists furnished under arrangements with a provider of services may not exceed an amount equivalent to the prevailing salary and additional costs that would reasonably have been incurred by the provider had such services been performed by such person in an employment relationship, plus the cost of other reasonable expenses incurred by such person in furnishing services under such an arrangement.

Plaintiff argues that pursuant to the Medicare statute, regulations and instructions implementing it, the Salary Equivalency Guidelines do not apply to bona fide employees. Plaintiff seeks to have the Secretary's decision set aside because it is contrary to the language and purpose of the Medicare Act; it imposes language that does not exist in the regulations; and it is contrary to the agency's prior constructions. Plaintiff argues that the Secretary's focus on the term "salaried" is misplaced. Plaintiff states that nothing in the applicable law requires periodic compensation of a provider's employees or excludes payment on a fee for service basis. Plaintiff argues as well that the application of the Salary Equivalency Guidelines to the plaintiff's employees constitutes an unlawful retroactive application of a rule. Even if 42 U.S.C. § 1395x(v)(5)(A) and 42 C.F.R. § 412 did not authorize limiting reimbursement for physical therapy services provided by employees, application of the Guidelines would be arbitrary, capricious and contrary to law, because the data on which the Guidelines are based is flawed and have not been updated properly. There was no finding that the provider's employee physical therapists' costs were substantially out of line with physical therapy costs paid by other home health agencies.

The Secretary responds by arguing that pursuant to a provision of the interpretive Provider Reimbursement Manual (PRM) and longstanding agency policy, the cost limits established by 42 U.S.C. § 1395x(v)(5)(A) (the Salary Equivalency Guidelines) apply. The cost limits set a rate of $51.04 per visit for the region in question. Defendant contends the Secretary's decision is not arbitrary, capricious and is also supported by substantial evidence. Defendant further asserts that the Secretary has sufficient discretion under the Act to consider certain situations, such as this one, to be "under an arrangement" where they present the same compensation scheme (fee for service) and are present for traditional outside supplier arrangements. The Secretary also urges this Court to regard the PRRB as an intermediate tribunal within the Department and suggests that courts should give broad deference to the Secretary's decision overruling the PRRB, where the Secretary's interpretation of the regulation at issue is reasonable.

Defendant contends that the Medicare statute authorizes the application of Salary Equivalency Guidelines to fee for service arrangements involving employees. The application of the Guidelines to all fee for service arrangements is consistent with the language of 42 U.S.C. § 1395x(v)(5)(A). The statute provides that where physical therapy services are provided under an arrangement, the amount the provider will receive can be no more than the amount of a reasonable salary had the therapist been an employee of the provider. The statutes do not define the term "under an arrangement," but the defendant contends arrangements are, however, broadly defined in 1395x(w). The Secretary urges that the definition of arrangement does not refer in any way to the employment status of the individual or entity furnishing the service, and that the definition does not exclude employee situa-

tions, because in employment situation receipt of Medicare payment by the provider discharges the beneficiary of liability to the employee furnishing the service. The Secretary asserts that the application of the guidelines is consistent with congressional intent in enacting 42 U.S.C. § 1395x(v)(5)(A). It is authorized by 42 U.S.C. § 1395x(v)(1)(A), which mandates that the Guidelines be applied to certain situations, but does not prohibit the Secretary from developing and applying Guidelines to other situations. The statute does not otherwise limit the Secretary's authority to define what are and what are not reasonable costs. Determination of "reasonable costs" is an exercise of "broad discretion."

Defendant argues that given the complexity of Medicare reimbursement, it is reasonable to expect the Secretary to address certain situations not contemplated by Congress through the issuance of interpretive rules (which are applied through the adjudicative process) as long as such interpretations are consistent with the relevant statutes and regulations. The Secretary also argues that longstanding agency policy has been to apply the Guidelines to all fee for service arrangements without regard to whether the service provider was an outside contractor or an employee or something in between. Defendant disagrees with plaintiff and states that the Guidelines have been calculated as required by the regulations and have been adequately updated.

In the Secretary's decision, she also discussed the proposed March 1997 rule and argues this is entirely proper to rebut the plaintiff's contention that the Secretary improperly considered the proposed rule in making the decision. The proposed rule is stated to "clarify" that the Guidelines apply to fee for service arrangements involving employees. This proposed change is lumped together with discussion of other changes in policies that were proposed in the March 1997 rule; however, the overall policy has been in existence since 1977. Finally, the defendant argues that the question of whether plaintiff's costs were substantially out of line is not relevant, because the Secretary was entitled to apply cost limit guidelines.

Plaintiff's reply reiterates that the Salary Equivalency Guidelines apply only to those situations where services are provided by those not working as an employee. The disclosures to Medicare made by High Country list salaries and wages, including all monies paid to employees, and including monies paid on a per visit basis.

## Standard of Review

The scope of review is governed by 42 U.S.C. § 1395oo(f), which provides that an appeal of a final decision by the Board must be pursued under the judicial review sections of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Under the Act, a court may set aside an agency action that is arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Agency action may also be set aside if it is unsupported by substantial evidence in cases in which an agency hearing is reviewed on the record. 5 U.S.C. § 706(2)(E). *See Thomas Jefferson University v. Shalala,* 512 U.S. 504, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994); *Medical Rehabilitation Service, P.C. v. Heckler,* 803 F.2d 720 (Table), Unpublished Disposition, Text at 1986 WL 17724 (6th Cir.1986). A reviewing court must defer to the Secretary's interpretations of the agency's interpretations of its own regulations unless it is plainly erroneous or inconsistent with the regulation. *Thomas Jefferson University v. Shalala,* 512 U.S. 504, 114 S.Ct. at 2386.

## Discussion

The Medicare Act provides reimbursement to Medicare providers for the lesser of the reasonable costs or customary charges for services furnished to Medicare patients. High Country Home Health, Inc. is a Medicare provider. Section 1395x(v)(1)(A) of Title 42, United States Code, defines reasonable costs to be "the cost actually incurred, excluding therefrom

any part of incurred cost found to be unnecessary in the efficient delivery of needed health services[.]" 42 U.S.C. § 1395x(v)(5)(A) provides:

> Where physical therapy services, occupational therapy services, speech therapy services, or other therapy services or services of other health-related personnel (other than physicians) are furnished under an arrangement with a provider of services or other organization, specified in the first sentence of subsection (p) of this section (including through the operation of subsection (g) of this section) the amount included in any payment to such provider or other organization under this subchapter as the reasonable cost of such services (as furnished under such arrangements) shall not exceed an amount equal to the salary which would reasonably have been paid for such services (together with any additional costs that would have been incurred by the provider or other organization) to the person performing them if they had been performed in an employment relationship with such provider or other organization (rather than under such arrangement) plus the cost of such other expenses (including a reasonable allowance for travel time and other reasonable types of expense related to any differences in acceptable methods of organization for the provision of such therapy) incurred by such person, as the Secretary may in regulations determine to be appropriate.

42 U.S.C. § 1395x(v)(5)(A).

Pursuant to the enabling statute, the Secretary promulgated regulations set forth at 42 C.F.R. § 413.160, entitled "Reasonable cost of physical and other therapy services furnished under arrangements." The regulation provides, in relevant part, as follows:

> (a) *Principle.* The reasonable cost of the services of physical, occupational, speech, and other therapists, and services of other health specialists (other than physicians), furnished under arrangements (as defined in section 1861(w) of the Act) with a provider of services, a clinic, a rehabilitation agency or a public health agency, may not exceed an amount equivalent to the prevailing salary and additional costs that would reasonably have been incurred by the provider or other organization had such services been performed by such person in an employment relationship, plus the cost of other reasonable expenses incurred by such person in furnishing services under such an arrangement. However, if the services of a therapist are required on a limited part-time basis, or to perform intermittent services, payment may be made on the basis of a reasonable rate per unit of service, even though this rate may be greater per unit of time than salary-related amounts, if the greater payment is, in the aggregate, less than the amount that would have been paid had a therapist been employed on a full-time or regular part-time salaried basis. Pursuant to section 17(a) of Pub.L. 93–233 (87 Stat. 967), the provisions of this section are effective for cost reporting periods beginning after March, 1975.

The real issue at the heart of the instant case is whether the statute, 42 U.S.C. § 1395x(v)(5)(A), and the regulation promulgated pursuant to that statute, 42 C.F.R. § 413.106, authorize the Secretary to apply the Salary Equivalency Guidelines to the cost of bona fide *employee* physical therapists who are not outside physical therapy contractors providing services under an agreement with a provider of services. In this case, the Provider Reimbursement Review Board ("PRRB") determined unanimously that the statute and regulation have no application to employee physical therapists, a decision subsequently reversed by the Secretary during the administrative appeal process.

The Secretary argues that she should be allowed to apply the Guidelines in the situation where an employee is paid on a per visit or fee-for-service basis. The Secretary argues the meaningful distinction

should be between services furnished "under arrangement" and those provided through a salaried employee relationship. Because the plaintiff's employees were not salaried and were instead paid on a per visit basis, the Secretary argues the Guidelines apply. The Secretary contends that the use of the term "under an arrangement" in 1395x(v)(5)(A) is not limited to non-employment relationships, that the term "arrangement" is broad and means something other than an employment relationship. Because the statute is silent or ambiguous as to whether it should be applied to employees compensated on a per visit basis, the Secretary urges the Court to uphold the agency's interpretation because it is reasonable.

Substantially similar arguments were considered by the Eighth Circuit Court of Appeals in *In Home Health, Inc. v. Shalala*, 188 F.3d 1043 (8th Cir.1999). That opinion will be quoted from at length because this Court believes it provides useful guidance helpful to disposition of this matter. The circuit court stated:

"Under the APA, the Secretary's decision shall be set aside if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law." *Hennepin County Med. Ctr. v. Shalala*, 81 F.3d 743, 748 (8th Cir.1996); see 5 U.S.C. § 706. "Federal court review is de novo." *Hennepin County Med. Ctr.*, 81 F.3d at 748. "The plain meaning of a statute controls, if there is one, regardless of an agency's interpretation." *Id.* (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). "An agency's interpretive rules, which are not subject to APA rulemaking procedures, are nonbinding and do not have the force of law." *Id.*

We find that 42 U.S.C. § 1395x(v)(5)(A) does not provide a basis for the application of the Guidelines to In Home's employees physical therapists. The first part of the sentence in 42 U.S.C. § 1395x(v)(5)(A) explains that the subsection applies to persons providing physical therapy services "under an arrangement" with a provider. The second part of the sentence explains that the reasonable cost of compensation for persons "under an arrangement" is calculated by reference to the salary which would reasonably have been paid to the person if that person had been in an "employment relationship" with the provider. The plain meaning of 42 U.S.C. § 1395x(v)(5)(A) and 42 C.F.R. § 413.106, which uses similar language, distinguishes between services provided "under an arrangement" and those provided by a person in an "employment relationship." It is clear from the language that a physical therapist who is "under an arrangement" is different from a person in an "employment relationship" with the provider. The Guidelines apply to a person "under an arrangement." The final notice in the Federal Register indicates that a person "under an arrangement" is an outside contractor. The Secretary's attempt to now further limit the term "employment relationship" to mean only salaried employees is not supported by the statute or the Secretary's contemporaneous interpretation as reflected in the 1992 regulation.

The statutory reference to "the salary which would reasonably have been paid" to a person in an employment relationship does not render a non-salaried employee subject to the Guidelines as a person "under an arrangement." The term "salary" as used in this manner and not specifically defined in the statute can be as generic as "a remuneration for services given." See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2003 (1986). Thus, the statute requires nothing more than that a provider should be reimbursed for the services performed by a nonemployee, i.e., an outside contractor working under an arrangement with the provider, similarly to what an employer reasonably would pay its employee for such services. Services provided by a provider's

employee are themselves subject to a reasonableness requirement. See 42 U.S.C. § 1395x(v)(1).

The Secretary points to her own Provider Reimbursement Manual (PRM) to support her position that the Guidelines should be applied to In Home's employee physical therapists. The PRM explains:

The guidelines apply only to the costs of services performed by outside suppliers, not to the salaries of providers' employees. However, the costs of the services of a salaried employee who was formerly an outside supplier of therapy or other services, or any new salaried employment relationships, will be closely scrutinized to determine if an employment situation is being used to circumvent the guidelines. Any costs in excess of an amount based on the going rate for salaried employee therapists must be fully justified.

In situations where compensation, at least in part, is based on a fee-for-service or on a percentage of income (or commission), these arrangements will be considered nonsalary arrangements, and the entire compensation will be subject to the guidelines in this chapter.

PRM § 1403.

We have construed the PRM to contain only nonbinding interpretative rules that have not been subjected to APA rulemaking procedures. *Shalala v. St. Paul–Ramsey Med. Ctr.*, 50 F.3d 522, 527–28 n. 4 (1995). To the extent the PRM supports the Secretary's view that paid per-visit employees are subject to the Guidelines, we conclude that this agency interpretation is contrary to the plain language of the statute as articulated above. Accordingly, we cannot defer to the Secretary's interpretation.

We need not reach the Secretary's second argument regarding reasonableness because we conclude the plain meaning of 42 U.S.C. § 1395x(v)(5)(A) controls.

III.

We affirm the district court's reversal of the Secretary's decision and hold that the Secretary may not apply the Guidelines to In Home's employee physical therapists.

*In Home Health, Inc. v. Shalala,* 188 F.3d 1043, 1046–1047(8th Cir.1999)

In the absence of authority from either the Tenth Circuit or the United States Supreme Court directing a particular disposition of the issues presented in this case, the Court has elected to follow the lead of the Eighth Circuit in *In Home Health, Inc. v. Shalala* and adopts that court's analysis. In this case, it is not disputed that the physical therapists were in fact employees, paid on a per visit basis. Under the Eighth Circuit's analysis, the statutory reference to "salary which would reasonably have been paid" to a person in an employment relationship does not render a nonsalaried employee subject to the Guidelines as a person "under an arrangement." The Secretary's determination that paid per-visit employees are subject to the Guidelines is contrary to law and cannot be upheld. Because the foregoing is dispositive, the Court declines to consider the parties' remaining arguments. It is therefore

**ORDERED** that the Secretary's May 20, 1997 decision applying the Salary Equivalency Guidelines to the employee physical therapists of High Country Health, Inc. shall be **SET ASIDE AS ARBITRARY, CAPRICIOUS, and CONTRARY TO LAW.** It is further

**ORDERED** that plaintiff, as the prevailing party, shall recover its costs and interest, pursuant to 42 U.S.C. § 1395oo(f)(2).