# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1959

_____

| | | |
|---|---|---|
| In Home Health, Inc., a<br>Minnesota corporation, | * <br> * <br> * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Donna Shalala, Secretary<br>of Health and Human Services, | * <br> * <br> * | |
| Appellant. | * | |

_____

Submitted:  December 13, 2000

Filed:  November 19, 2001

_____

Before McMILLIAN, FAGG and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

The Secretary of the Department of Health and Human Services (the "Secretary") appeals from a final order entered in the United States District Court[1] for the District of Minnesota granting summary judgment in favor of In Home Health, Inc. ("In Home"), reversing the Secretary's decision to disallow Medicare

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

reimbursement for charges covering in-home physical therapy services in excess of the cost limits created by the Secretary on the grounds that the cost limits were outdated and thus contrary to the Secretary's regulations. In Home Health, Inc. v. Shalala, No. 98-1731 (D. Minn. Jan. 13, 2000) (memorandum opinion and order). For reversal, the Secretary argues that the district court: (1) lacked federal subject matter jurisdiction because In Home failed to exhaust its administrative remedies, (2) lacked federal subject matter jurisdiction because the amount in controversy did not meet the jurisdictional requisite, and (3) erred in setting aside the Secretary's reasonable interpretation of her own regulations. For the reasons discussed below, we reverse the judgment of the district court.

## Jurisdiction

Jurisdiction in the district court was based upon 42 U.S.C. § 1395oo(f)(1); jurisdiction on appeal is based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

The undisputed facts of this case relate to In Home's request for reimbursement from the Secretary for the costs of in-home physical therapy services provided to Medicare recipients in excess of the amounts set forth in the guidelines created by the Secretary.

Pursuant to the Medicare Act, 42 U.S.C. §§ 1395 *et seq*., the Health Care Financing Administration ("HCFA"), a branch of the Department of Health and Human Services ("HHS"), delegates to contracting intermediaries the task of determining the appropriate reimbursement for home health services provided to Medicare beneficiaries based upon an annual cost report submitted by the provider.

See 42 U.S.C. § 1395h(a)[2]; 42 C.F.R. § 413.20(b).[3] A provider is entitled to recover the "reasonable cost" of the services it provides to Medicare beneficiaries. See 42 U.S.C. §§ 1395f,[4] 1395l(a)(2)(A)(i).[5] Reasonable costs are defined as "the cost actually incurred, excluding [any cost] found to be unnecessary in the efficient delivery of needed health services, [to] be determined in accordance with [the Secretary's] regulations." Id. § 1395x(v)(1)(A).

In 1972, Congress authorized the Secretary to establish limits for reasonable costs for certain services, including the in-home physical therapy services at issue in this appeal.[6] As a result, the Secretary promulgated the regulations at issue, codified

---

[2]42 U.S.C. § 1395h(a) authorizes the Secretary to contract with intermediaries to determine Medicare reimbursement amounts.

[3]42 C.F.R. § 413.20(b) requires submission of an annual cost report to intermediaries as the basis for reimbursement.

[4]42 U.S.C. § 1395f permits Medicare providers to receive the reasonable cost of the services provided.

[5]42 U.S.C. § 1395l(a)(2)(A)(i) enables reimbursement of the reasonable cost of home health services as defined by 42 U.S.C. § 1395x(v).

[6]42 U.S.C. § 1395x(v)(5)(A) provides in part that

> Where physical therapy services . . . are furnished under an arrangement with a provider of services . . . the amount included in any payment to such provider . . . as the reasonable cost of such services . . . shall not exceed an amount equal to the salary which would reasonably have been paid for such services . . . to the person performing them if they had been performed in an employment relationship with such provider or other organization . . . plus the cost of such other expenses . . . incurred by such person, as the Secretary may in regulations determine to be appropriate.

at 42 C.F.R. § 413.106, which base the "reasonable cost" of physical therapy services upon published salary equivalency guidelines ("the guidelines"), to be "determined on a periodic basis." The regulation directs HCFA to determine the guideline amounts by adding together: (1) the "prevailing hourly salary rate" "based on the 75th percentile of salary ranges paid by providers in the geographical area," (2) the amount of fringe benefits generally received by an employee physical therapist, and (3) the amount of expenses generally incurred by a non-employee physical therapist. See 42 C.F.R. § 413.106(b)(1), (2), and (3).

From 1975 to 1983, the Secretary increased the guideline amounts approximately every one to two years, using new wage data, inflation factors, and other recalculations. In 1983, the guidelines were recalculated on the basis of new wage data and included an automatic 0.6% monthly non-compounded increase (7.2% annually). These guidelines remained in place until 1998, covering the years at issue in this appeal.

If a provider disputes the intermediary's reimbursement decision, it may initiate an administrative review process. First, the provider may request an exception from the intermediary based on special circumstances, such as where the guidelines are inappropriate due to "unique circumstances or special labor market conditions." Id. § 413.106(f)(1). To qualify for this exception, a provider must prove that: (1) "the going rate in the area for this particular type of service is higher than the guideline limit," and (2) "such services are unavailable at the guideline amounts." HCFA Pub. 15-1 § 1414.2. If an exception does not apply or if the intermediary rejects the exception request, the provider may appeal to the Provider Reimbursement Review Board ("the Board"). See 42 C.F.R. § 413.106(g).[7] The Board's decision becomes final unless the Secretary decides to review it, in which case the Secretary's decision

_____

[7]42 C.F.R. § 413.106(g) authorizes an administrative hearing regarding "a determination with respect to an exception" sought under 42 C.F.R. § 413.106(f).

is final. When a decision becomes final, a provider may request judicial review pursuant to 42 U.S.C. § 1395oo(f)(1).[8]

In this appeal, In Home, a Minnesota corporation with offices in many cities, filed a group appeal to the Board, requesting reimbursement for costs in excess of the guidelines for five offices for the years 1992 and 1993.[9] Four different intermediaries handled the various reimbursement requests. After receiving notification from the intermediaries regarding each reimbursement determination, In Home consolidated its claims and appealed directly to the Board, seeking reimbursement for its actual expenses incurred for services performed by outside contractor physical therapists in

---

[8] 42 U.S.C. § 1395oo(f)(1) confers federal subject matter jurisdiction by giving providers "the right to obtain judicial review of any final decision of the Board . . . [or] the Secretary . . . in the district court of the United States for the judicial district in which the provider is located."

[9] One of In Home's offices is located in San Leandro, California, and was the subject of a related appeal before this Court, In Home Health, Inc. v. Shalala, 188 F.3d 1043 (8th Cir. 1999) ("In Home I"). In that case, In Home sought reimbursement for medical services provided by paid-per-visit employees on the basis that the guidelines did not apply to the employees at issue and that, even if the guidelines did apply, they were invalid because they were based on flawed and outdated data. In its appeal to the Board, In Home applied for a "special labor market conditions" exception from the guidelines for its San Leandro office, contending that the going rate for physical therapy in the relevant area was higher than the guideline limits. The intermediary found that In Home failed to demonstrate that it was unable to obtain services at the guideline rate and denied its request for an exception. After the Secretary affirmed the denial of the exception, In Home sought judicial review. The district court reversed the Secretary's conclusion, finding instead that the guidelines did not apply to paid-per-visit employees. This court affirmed the judgment of the district court.

-5-

excess of the cost limits set by the guidelines.[10] In Home did not request an exception under 42 C.F.R. § 413.106(f) from the intermediaries to approve its excess costs, instead relying on the Administrative Procedure Act, 5 U.S.C. § 706(2), to contend that the guidelines were arbitrary, capricious, and contrary to law because they were outdated, as they had not been reevaluated since 1983.

The Board found that the guidelines were properly promulgated by the Secretary and correctly applied by the intermediaries. Furthermore, the Board determined that In Home could not seek relief from the application of the guidelines because it had not exhausted its administrative remedies by requesting an exception before appealing to the Board. The Board concluded that the purpose of the exception process is to supply an administrative remedy for providers to contest the reasonableness of the guideline amounts. The Board assessed that In Home failed to adequately pursue its administrative remedies by neglecting to submit evidence concerning (1) whether the guidelines were reasonable and (2) whether it was able to obtain physical therapy services in its geographical areas at or below the guideline rates, as required by the exception process. The Secretary did not review the decision of the Board and the Board's decision became final for purposes of judicial review.

In Home then filed this action for judicial review in the district court, and moved for summary judgment. The district court granted summary judgment in favor of In Home. The district court found that In Home failed to request an exception under 42 C.F.R. § 413.106(f), and therefore had not exhausted its administrative remedies. However, the district court determined that In Home's failure to exhaust

_____

[10]The present appeal includes reimbursement requests from the San Leandro office, which have been paid pursuant to our mandate in In Home I. The amounts already collected in the prior action comprise part of the requisite amount in controversy for a group appeal which is necessary to trigger subject matter jurisdiction in this court. This issue forms the basis of the Secretary's other jurisdictional argument in the current appeal.

its administrative remedies was excusable due to the futility of seeking the exception, explaining that the guidelines were inappropriate not because of unique circumstances or special labor market conditions, but rather because they were outdated and therefore inappropriate in <u>all</u> situations. On the merits, the district court concluded that the guidelines violated the plain language of the regulations and thus were contrary to law because they: (1) were not determined "on a periodic basis" and (2) did not reflect the 75th percentile of prevailing salary ranges in the years at issue. This appeal followed.

## Discussion

The Secretary argues that the district court lacked subject matter jurisdiction because In Home had not exhausted its available administrative remedies. The Secretary contends that, by failing to request an exception from the intermediaries, In Home bypassed the appropriate administrative avenue for its grievance, and may not raise the issue in federal court when it was not adjudicated through the Secretary. The Secretary further asserts that the district court erred in excusing In Home's failure to exhaust its administrative remedies because the exception process, rather than being futile, offered In Home the opportunity to request the exact relief it seeks in this judicial appeal – the costs it incurred in excess of the amounts authorized by the Secretary's guidelines.

In Home counters that the district court was correct in excusing its failure to exhaust administrative remedies because it was not contesting the guidelines based on its unique circumstances or special labor market conditions, as required by the language of 42 C.F.R. § 413.106(f). Instead, In Home relies on the district court's conclusion that the validity of the guidelines is a separate and distinct issue unrelated to In Home's specific circumstances, thereby excusing In Home from requesting an exception based on those circumstances.

Subject matter jurisdiction based upon exhaustion of administrative remedies is a question of law which we review *de novo*. <u>Bueford v. Resolution Trust Corp.</u>, 991 F.2d 481, 484 (8th Cir. 1993).

By granting "the right to obtain judicial review of any final decision," 42 U.S.C. § 1395oo(f)(1) makes it clear that federal judicial review of Medicare reimbursement decisions is available only after the Secretary renders a final decision. <u>See</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 605 (1984) (<u>Ringer</u>) ("[j]udicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim"). A "final decision" is issued on a Medicare claim only after administrative review has been exhausted. <u>See</u> <u>id.</u> at 606 (requiring a claimant to go through all designated levels of administrative review before considering the administrative decision to be final); <u>Barrett v. Shalala</u>, 14 F.3d 26, 27 (8th Cir. 1994) (holding that the district court lacked subject matter jurisdiction to review the Secretary's decision because administrative remedies had not been exhausted).

In the present case, In Home concedes that it did not pursue the unique circumstances or special labor market exception from the intermediaries, which was available under 42 C.F.R. § 413.106(f) as part of the administrative review process. The regulation in question, 42 C.F.R. § 413.106(g), authorizes "a hearing on the determination of an intermediary concerning the therapy costs determined to be allowable based on the provisions of this section, including a determination with respect to an exception under [42 C.F.R. § 413.106(f)]." This language makes it clear that an appeal to the Board is contingent upon an initial determination by the intermediary regarding an available exception. Because In Home did not request an exception to the guidelines from the intermediaries, it failed to take advantage of the administrative remedy provided by 42 C.F.R. § 413.106(g). <u>Accord</u> <u>Mercy Hospital v. Heckler</u>, 777 F.2d 1028, 1037-38 (5th Cir. 1985) (<u>Mercy Hospital</u>) (requiring that an exception be requested from the intermediary in order to qualify for review by the Board).

Generally, a provider who fails to exhaust its administrative remedies will be precluded from seeking relief in federal court. See Weinberger v. Salfi, 422 U.S. 749, 764 (1975) (Salfi) (limiting federal court jurisdiction on Medicare claims to "final" decisions of the Secretary), Anderson v. Sullivan, 959 F.2d 690, 691 (8th Cir. 1992) (Anderson) (stating that failure to exhaust administrative remedies "robs this court of subject matter jurisdiction").

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Salfi, 422 U.S. at 765.

However, a provider may find an exception to the exhaustion requirement if: (1) the claim involves a legitimate constitutional claim, (2) irreparable harm would result from exhaustion, or (3) further administrative procedures would be futile. Anderson, 959 F.2d at 693 (citing Thorbus v. Bowen, 848 F.2d 901, 903 (8th Cir. 1988)).

In the present case, the district court concluded that it would have been futile for In Home to pursue further administrative procedures through the available exception process because the exceptions were irrelevant to In Home's claims. We disagree. In Home failed to meet its burden of proving that the applicable administrative remedies would have been futile. See Honig v. Doe, 484 U.S. 305, 327 (1988) (placing the burden of proof for proving futility upon the party appealing to the agency). Both In Home's petition for judicial review in this court and the exception provided by 42 C.F.R. § 413.106(f) are premised on the same logic: that the guideline rates were insufficient because they inadequately measured the reasonable costs of the services provided. By requiring evidence that the going rate

in its geographical areas was higher than the guideline limits and that the required services were unavailable at or below the guideline amounts, <u>see</u> HCFA Pub. 15-1 § 1414.2, the exception provided an adequate administrative remedy to correct insufficient guideline cost limits. In Home could have received the relief it seeks here through the agency's exception process. As a result, requesting an exception from the intermediaries was not futile, but rather a necessary prerequisite to judicial review. <u>Accord</u> <u>Mercy Hospital</u>, 777 F.2d at 1039 ("where the regulatory scheme clearly indicates an administrative exception to be the appropriate course for relief from an application of the usual standards, we cannot but conclude that the failure to exhaust specifically available administrative remedies precludes an attack of the kind here made on the validity of the administrative scheme or its general normative standards"); <u>see</u> <u>Ringer</u>, 466 U.S. at 614 (futility not available as an excuse where an adequate administrative remedy existed for the type of harm sought to be redressed by judicial review); <u>see also</u> <u>Schoolcraft v. Sullivan</u>, 971 F.2d 81, 87 (8th Cir. 1992) (recognizing that where the purposes underlying the exhaustion doctrine are relevant, exhaustion of administrative remedies may not be excused).

By failing to request the exception from the intermediaries, In Home lost the opportunity to compile a record adequate for judicial review. <u>See</u> <u>Ringer</u>, 466 U.S. at 619 n.12 (noting that in the Medicare context, one "purpose of the exhaustion requirement is . . . to 'compile a record which is adequate for judicial review'") (quoting <u>Weinberger v. Salfi</u>, 422 U.S. 749, 765 (1975)). The exception process is designed to enable intermediaries to gather evidence regarding the rates paid by other providers in the area and compare that data to the specific situation at issue. <u>See</u> HCFA Pub. 15-1 § 1414.2; <u>accord</u> <u>Bedford Medical Center v. Heckler</u>, 766 F.2d 321, 324-25 (7th Cir. 1985) (exception request required intermediary to perform a fact-intensive survey to determine reasonableness of cost limits). In Home lost the opportunity to create a record or seek reimbursement for its actual costs through the appropriate agency channels, and cannot regain that opportunity by appealing to this court. <u>Accord</u> <u>Mercy Hospital</u>, 777 F.2d at 1039 (failure to utilize the exception

process to create a record for the issue on appeal prevented provider from justifying its assertions on the merits).

We hold that the district court erred in excusing In Home from its failure to exhaust administrative remedies. As a result, the district court lacked federal subject matter jurisdiction over In Home's claims. Therefore, the district court had no authority to reverse the Secretary's decision, and the Secretary's decision must be reinstated. Because we reverse on these jurisdictional grounds, we need not address the other arguments presented on appeal.

## Conclusion

Accordingly, the order of the district court is reversed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.