NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5080

ACE PROPERTY & CASUALTY INSURANCE COMPANY (formerly known as Cigna Property & Casualty Insurance Company), ALLIANCE INSURANCE COMPANIES, AMERICAN AGRICULTURAL INSURANCE COMPANY, AMERICAN GROWERS INSURANCE COMPANY IN REHABILITATION, COUNTRY MUTUAL INSURANCE COMPANY, FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA, FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, NAU COUNTRY INSURANCE COMPANY, PRODUCERS LLOYDS INSURANCE COMPANY, and RURAL COMMUNITY INSURANCE COMPANY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 1, 2005
_____

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

Ace Property & Casualty Insurance Company and several other insurers ("the insurers") appeal the order of the United States Court of Federal Claims, dismissing their claim for breach of government-reinsured Multiple Peril Crop Insurance contracts ("MPCI contracts") for lack of subject matter jurisdiction.  Ace Prop. & Cas. Ins. Co. v. United States, 60 Fed. Cl. 175 (2004).  We affirm.

The insurers argue that the Court of Federal Claims has jurisdiction because they did not name the Federal Crop Insurance Corporation ("FCIC") as a defendant, and, therefore, 7 U.S.C. § 1506(d), which confers exclusive jurisdiction upon the federal district courts over suits against the FCIC, does not apply. They assert that by statutorily modifying the crop reinsurance program to reduce both the level of reimbursement provided for administrative costs and the level of loss adjustment expenses payable to insurers, it was Congress, not the FCIC, which breached the MPCI contracts. This theory fails; it is settled that this court "look[s] to the true nature of the action in determining the existence or not of jurisdiction." Nat'l Ctr. for Mfg. Sci. v. United States, 114 F.3d 196, 199 (Fed. Cir. 1997) (quoting Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). An inspection of the contract and the insurers' pleadings reveal the true nature of this action: a suit by the insurers against the FCIC, the contracting party, for breach of the MPCI contracts, a suit which falls under the purview of section 1506(d).

The insurers alternatively argue that the Court of Federal Claims has concurrent jurisdiction. This argument also fails; by section 1506(d), Congress has withdrawn Tucker Act jurisdiction over claims against the FCIC and vested exclusive jurisdiction in the federal district courts. Texas Peanut Farmers v. United States, No. 04-5067, slip op. at 6 (Fed. Cir. May 31, 2005). Accordingly, we affirm the court's dismissal of the insurers' suit against the FCIC. Because the Court of Federal Claims correctly dismissed for lack of jurisdiction under section 1506(d), we have no occasion to revisit its superfluous finding regarding exhaustion of administrative remedies under 7 U.S.C. § 6912(e).