# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2321

_____

| | | |
|---|---|---|
| Ace Property and Casualty | * | |
| Insurance Company, formerly known | * | |
| as Cigna Property and Casualty | * | |
| Insurance Company; Alliance | * | |
| Insurance Companies; American | * | |
| Agricultural Insurance Company; | * | |
| American Growers Insurance Company, | * | |
| In Rehabilitation; Country Mutual | * | |
| Insurance Company; Farm Bureau | * | |
| Mutual Insurance Company, of Iowa; | * | |
| Farmers Alliance Mutual | * | |
| Insurance Company; Great American | * | |
| Insurance Company; Hartford | * | |
| Fire Insurance Company; Nau | * | Appeal from the United States |
| Country Insurance Company; | * | District Court for the Southern |
| Producers Lloyds Insurance Company; | * | District of Iowa. |
| Rural Community Insurance | * | |
| Company; Farmers Mutual Hail | * | |
| Insurance Company of Iowa, | * | |
| | * | |
| Plaintiffs-Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Federal Crop Insurance Corporation, | * | |
| A Corporation within the United | * | |
| States Department of Agriculture; | * | |
| Risk Management Agency, | * | |
| An Agency within the United States | * | |
| Department of Agriculture, | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: January 11, 2006.
Filed: March 16, 2006
_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.
_____

MURPHY, Circuit Judge.

This breach of contract action was brought by a group of thirteen insurance companies[1] who provide federal crop insurance, alleging that the Federal Crop Insurance Corporation (FCIC) breached two provisions of the 1998 Standard Reinsurance Agreement (SRA). The FCIC moved to dismiss for lack of jurisdiction, and the district court granted the motion on that ground, but ruled in the alternative that dismissal was also warranted because the insurers had neither exhausted their administrative remedies nor established any exception to the exhaustion requirement. The insurers appeal, and we affirm on the alternate ground.

I.

The Federal Crop Insurance Act (FCIA), 7 U.S.C. §§ 1501-1524, established a federal crop insurance program in 1938 to be administered and regulated by the FCIC. 7 U.S.C. § 1503. Originally the FCIC directly provided crop insurance coverage to eligible farmers, but in 1980 Congress revised the FCIA to require the

---

[1]Ace Property and Casualty, Alliance Insurance Company, America Agricultural Insurance Company, American Growers Insurance Company, Country Mutual Insurance Company, Farm Bureau Mutual Insurance Company of Iowa, Farmers Alliance Mutual Insurance Company, Great American Insurance Company, Hartford Fire Insurance Company, Nau Country Insurance Company, Producers Lloyds Insurance Company, Rural Community Insurance Company, Farmers Mutual Hail Insurance Company of Iowa.

-2-

FCIC "to contract with private companies" for insurance "to the maximum extent possible." 7 U.S.C. § 1507(c). The FCIC was to "reimburse such companies...for [their] administrative and program expenses," id., and provide reinsurance "to the maximum extent practicable" to cover catastrophic loss. 7 U.S.C. §§ 1508(k)(1), 1508(b)(1). The FCIC now offers most federal crop insurance through private insurers which it then reinsures.

The federal reinsurance program is governed by a contract between the FCIC and participating insurance providers entitled Standard Reinsurance Agreement (SRA). 7 C.F.R. § 400.164. The SRA is renewed annually, and a company may terminate the agreement by not submitting a Plan of Operation for the next reinsurance year by the date specified in the SRA. The FCIC may only terminate the SRA by giving notice at least 180 days prior to the date of renewal of its intent to terminate.

At issue between the FCIC and these insurers are two provisions of the 1998 SRA which provide Catastrophic Risk Protection (CAT) coverage. The Administrative Fee provision in the 1998 SRA allowed insurers to retain a portion of the administrative fee charged by the FCIA, and the Loss Adjustment Expenses (LAE) provision permitted insurers to recoup 14% of an imputed premium for each CAT policy provided to a farmer. These provisions were affected by congressional action in 1998. In that year Congress enacted the Agricultural Research Extension and Education Reform Act (AREERA), Pub. L. No. 105-185, 112 Stat. 523 (1998), which eliminated the right of private insurance companies to retain any administrative fees and capped LAE reimbursement at 11%. Then in 2000 Congress enacted the Agricultural Risk Protection Act (ARPA), Pub. L. No. 106-224, 114 Stat. 358 (2000), further lowering the LAE cap to 8%.

The FCIC amended the SRA to implement AREERA and ARPA. Amendment No. 1 was effective at the start of the 1999 fiscal year, and it eliminated the right of private insurers to retain any administrative fees and capped LAE reimbursement at

11%. Amendment No.3 was effective at the start of fiscal year 2000, and it reduced the LAE cap to 8%. When the FCIC notified the insurers of each amendment, it informed them that their SRA would be terminated if they failed to execute either amendment within 10 days of receipt. Appellants all executed the amendments, but they reserved the right to sue the FCIC for damages.

Disputes regarding the SRA are governed by the Federal Crop Insurance Reform and Department of Agriculture Act of 1994, Pub. L. 103-354, 7 U.S.C. §§ 6901-7014 (1994) (Reorganization Act), which created a mandatory administrative appeals process for SRA matters. Under the Reorganization Act, a party who believes that its SRA rights have been violated may request a final agency determination, which can then be appealed to the Department of Agriculture Board of Contract Appeals (the Board). Although the Act grants exclusive jurisdiction to federal district courts, 7 U.S.C. § 1506(d), parties are to exhaust their administrative remedies before pursuing a claim in federal court. 7 U.S.C. § 6912(e).

II.

In February 2003 the insurers brought an action against the United States in the Court of Federal Claims for breach of contract, duress, and unjust enrichment resulting from the implementation of AREERA and ARPA. The government moved to dismiss, arguing that under § 6912(e) exhaustion of administrative remedies was a prerequisite to subject matter jurisdiction, and alternatively that § 1506(d) required complaints to be filed in federal district court. The insurers responded that neither § 1506(d) nor the exhaustion requirements contained in the SRA were binding; they did not directly address § 6912(e) because their suit was against the United States rather than the FCIC. In March 2004 the Court of Federal Claims dismissed the action for lack of jurisdiction under § 6912(e) because the insurers had not exhausted their administrative remedies, and alternatively because § 1506(d) grants federal district courts exclusive jurisdiction over suits against the FCIC. Ace Property & Cas. Ins. Co.

v. United States, 60 Fed. Cl. 175, 184-85 (Fed. Cl. 2004). Its decision was affirmed by the Federal Circuit on June 1, 2005, on the ground that the case had been properly dismissed since § 1506(d) provides for exclusive jurisdiction in the federal district courts and that there was therefore "no reason to revisit [the court's] superfluous finding regarding exhaustion of administrative remedies." Ace Property & Cas. Ins. Co. v. United States, 138 Fed. Appx. 308, 309 (Fed. Cir. 2005).

After the Federal Circuit's decision, the insurers sought a final administrative determination from the FCIC. The FCIC declined because their request had not been made within 45 days after notice of the disputed action. See 7 C.F.R. § 400.169(a). The insurers then appealed to the Board, which did not issue its decision until shortly before oral argument on the appeal in this court.

While their appeal was still pending before the Federal Circuit, the insurers filed this action against the FCIC in the Southern District of Iowa seeking damages for the breach of the 1998 SRA. The FCIC moved to dismiss, arguing that the district court lacked subject matter jurisdiction under § 6912(e) because appellants had failed to exhaust their administrative remedies. The insurers responded that the statute did not deprive the federal district court of jurisdiction and that exhaustion should not be required because it would be futile since neither the FCIC nor the Board has the authority to award the relief sought and the issues involved are legal questions better resolved by courts than agencies. The district court dismissed their complaint in February 2005, holding that it had no jurisdiction over the dispute because the insurers had not exhausted their administrative remedies as required by § 6912(e). Alternatively the court held that even if it had jurisdiction, their failure to exhaust was not excused under the traditional exceptions. The insurers now appeal, arguing that § 6912(e) is not a jurisdictional statute and that exhaustion is not required because in this case it would be futile and because the complaint raises only legal issues unsuitable for administrative resolution.

-5-

Subsequently on December 21, 2005, the Board rendered its decision on the insurers' administrative appeal. Ace Property & Cas. Ins. Co. v. United States, AgBCA No. 2004-173-F, 2005 WL 3485623 (December 21, 2005). The Board found that it had jurisdiction over the dispute and possessed the authority to issue whatever relief might be necessary to remedy any breach of contract, including the power to award money damages. It also gave examples of instances in the past where it had awarded such relief. Although it upheld the 45 day rule for bringing administrative claims, it decided that the rule should not have been applied retroactively. Thus it affirmed the agency determination that the insurers' claims for the 2001 and 2002 reinsurance years were time barred for failing to bring them within 45 days of notice of the disputed action, but it remanded the claims for the 1999 and 2000 reinsurance years for further administrative proceedings.

III.

On their appeal from the dismissal of their action, the insurers complain that the district court erred in concluding that exhaustion of administrative remedies was a prerequisite to subject matter jurisdiction. The FCIC responds that the language of § 6912(e) is jurisdictional when considered within the context of the statutory scheme so appellants' failure to exhaust administrative remedies means there is no subject matter jurisdiction over this action.

The Supreme Court has indicated that a statute requiring plaintiffs to exhaust administrative remedies before coming into federal court may be either jurisdictional in nature or non jurisdictional, depending on the intent of Congress as evinced by the language used. See Weinberger v. Salfi, 422 U.S. 749 (1975). Under a jurisdictional statute, exhaustion of administrative remedies cannot be excused or waived and the failure by a party to exhaust is a jurisdictional bar. In contrast, a non jurisdictional statute codifies the common law exhaustion principle under which exhaustion of

administrative remedies is favored, but may be excused by a limited number of exceptions to the general rule. Id. at 765-66.

In Salfi, the Court addressed an appeal dealing with § 405(h) and § 405(g) of the Social Security Act. The Court first considered the third sentence of § 405(h), which provides that "[n]o action ... shall be brought under section 1331 ... of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). Since the language used by Congress was "more than a codified requirement of administrative exhaustion" and was "sweeping and direct," the district court had lacked federal question jurisdiction over the case before it. Salfi, 422 U.S. at 757. The Court then discussed § 405(g), which provides in pertinent part that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review ... by a civil action ..." 42 U.S.C. § 405(g). The Court concluded that the term "final decision" was "a statutorily specified jurisdictional prerequisite" and "something more than simply a codification of the judicially developed doctrine of exhaustion." The district court had therefore erred by concluding that futility could excuse the need to exhaust. Salfi, 422 U.S. at 766.

Under Salfi the language of a statute must be "sweeping and direct" for it to be considered jurisdictional. Id. 422 U.S. at 757. The language must indicate either that "there is no federal jurisdiction prior to exhaustion" or that exhaustion is "an element of the underlying claim." Chelette v. Harris, 229 F.3d 684, 687 (8th Cir. 2000). Exhaustion is presumed to be non jurisdictional "unless Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (internal citations omitted). We review de novo the district court's interpretation of § 6912(e). Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).

The question of whether § 6912(e) is jurisdictional in nature has never been addressed by the Supreme Court, and it presents a question of first impression for this court. Section 6912(e) provides that:

[n]otwithstanding any other provision of law, <u>a person</u> shall exhaust all administrative appeal procedures established by the Secretary or required by law before <u>the person</u> may bring an action in a court of competent jurisdiction[2] against (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e).

Other circuits that have addressed the issue are split. In <u>McBride Cotton & Cattle Corp. v. Veneman</u>, the Ninth Circuit held that "the exhaustion requirement of § 6912(e) is not jurisdictional" because it contains no language expressly conditioning federal question jurisdiction on exhaustion of administrative remedies. 290 F.3d 973, 976 (9th Cir. 2002). In contrast, the Second Circuit in <u>Bastek v. Fed. Crop Ins. Corp.</u>, held that "the statutory provision mandating exhaustion in 7 U.S.C. § 6912(e) is explicit" and the plaintiffs' failure to exhaust administrative remedies "deprived them of the opportunity to obtain relief in the district court." 145 F.3d 90, 94-95 (2d Cir. 1998). The lower courts are also split as to whether § 6912(e) is jurisdictional. <u>Compare</u> <u>Kuster v. Veneman</u>, 226 F. Supp. 2d 1190, 1192 (D. N.D. 2002) (implicitly finding § 6912(e) non jurisdictional); <u>Rain & Hail Ins. Services, Inc. v. Fed. Crop Ins. Corp.</u>, 229 F. Supp. 2d 710, 714 (S.D. Tx. 2002) (same); <u>In re Cottrell</u>, 213 B.R. 33, 37 (M.D. Ala. 1997) (rejecting the claim that § 6912(e) is jurisdictional)[3] <u>with</u> <u>In re</u>

_____

[2]A court of competent jurisdiction is any federal district court to which 7 U.S.C. § 1506(d) grants exclusive jurisdiction over suits by or against the FCIC.

[3] There are also unreported decisions which have explicitly held that § 6912(e) is non jurisdictional. <u>See</u> <u>Farmers Alliance Mut. Ins. Co. v. Fed. Crop Ins. Corp.</u>, 2001 WL 30443, at *2 (D. Kan. 2001) ("Section 6912(e) contains no sweeping and direct language barring federal question jurisdiction absent exhaustion of

2000 Sugar Beet Crops Ins. Litig., 228 F. Supp. 2d 999, 1004 (D. Minn. 2002) (explicitly finding § 6912(e) to be jurisdictional); Am. Growers Ins. Co. v. FCIC, 210 F. Supp. 2d 1088, 1092-93 (S. D. Iowa 2002) (implies § 6912(e) is jurisdictional); Gilmer-Glenville, Ltd. P'ship v. Farmers Home Admin., 102 F. Supp. 2d 791, 794 (N.D. Ohio 2000) (same); Utah Shared Access Alliance v. Wagner, 98 F. Supp. 2d 1323, 1333 (D. Utah 2000) (failure to exhaust remedies deprives court of subject matter jurisdiction).

We begin our inquiry with the language of § 6912(e). See United States v. Mickelson, 433 F.3d 1050, 1052 (8th Cir. 2006). Although the language requires exhaustion, nothing in the text indicates that exhaustion was intended as a jurisdictional bar and the FCIC has not pointed to any legislative history evidencing such an intent. Section 6912(e) is directed at "a person" and provides that the person shall exhaust administrative remedies before bringing an action in federal district court against the FCIC. There is no language directed at courts or limiting federal district court jurisdiction.

Our court has examined similar language in the Prison Litigation Reform Act (PLRA) and held that it "does not contain the sort of 'sweeping and direct' language necessary to impose a jurisdictional requirement," but only "governs the timing of the action." Chelette, 229 F.3d at 686-87 (internal citations omitted). Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Every circuit which has considered whether § 1997e(a) is jurisdictional in nature has concluded that it is not. See Anderson v. XYZ Correctional Health Services, Inc., 407

_____

administrative remedies."); Pringle v. United States, 1998 U.S. Dist. Lexis 19378, at * 14-15 (E.D. Mich 1998).

F.3d 674, 677 (4th Cir. 2005); Richardson v. Goord, 347 F.3d 431, 433-34 (2d Cir. 2003); Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1206 (10th Cir. 2003); Ali v. Dist. of Columbia, 278 F.3d 1, 5-6 (D.C. Cir. 2002); Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 n. 2 (5th Cir. 2001); Curry v. Scott, 249 F.3d 493, 501 n. 2 (6th Cir. 2001); Nyhuis v. Reno, 204 F.3d 65, 69 n. 4 (3d Cir. 2000); Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999); Massey v. Helman, 196 F.3d 727, 732 (7th Cir. 1999).

The language used by Congress in the Immigration and Nationality Act (INA) provides a useful contrast. In § 242 of the INA, Congress provided that "a court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1) (emphasis added). Here, the exhaustion requirement explicitly limits subject matter jurisdiction, and § 1252(d)(1) has consistently been treated as a jurisdictional statute and an integral part of the statute. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004); Theodoropoulos v. I.N.S., 358 F.3d 162, 169-72 (2d Cir. 2004); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1317 n. 13 (11th Cir. 2001); Singh v. Reno, 182 F.3d 504, 511 (7th Cir. 1999); Witter v. I.N.S., 113 F.3d 549, 554 (5th Cir. 1997).

The language in § 6912(e) of the Reorganization Act resembles that used in the PLRA. Its directive is addressed to the individual litigant rather than the court, and it pertains to the time when an action may be brought in federal district court. Like the language of the PLRA and in contrast to the language of the INA and the Social Security Act, "[n]othing in § 6912(e) mentions, defines or limits federal jurisdiction," McBride, 290 F.3d at 980, and its language cannot be considered "sweeping and direct" under Salfi.

The FCIC contends that appellants reliance on Chelette, and its interpretation of PLRA § 1997e(a), is misplaced due to the Supreme Court's intervening decision in

Booth v. Churner, 532 U.S. 731 (2001). In Booth the Court dismissed a prisoner's § 1983 action for failure to exhaust administrative remedies, but it did not consider whether § 1997e(a) was jurisdictional or not. Its decision turned instead on its interpretation of "available remedies" under § 1997e(a). Id. at 736. Moreover, all circuits which have ruled on the jurisdictional issue since Booth have continued to treat § 1997e(a) as non jurisdictional. See Anderson, 407 F.3d at 677; Richardson, 347 F.3d at 433-34; Steele, 355 F.3d at 1206; Ali, 278 F.3d at 5-6.

The FCIC's reliance on the Second Circuit's decision in Bastek is also not persuasive. Bastek concluded that exhaustion of administrative remedies was a statutory mandate under § 6912(e) precluding the normal exercise of judicial discretion in balancing the individual interest in access to a federal judicial forum against the institutional interests favoring exhaustion. Bastek, 145 F.3d. at 94. As the Ninth Circuit has pointed out, however, "not all statutory exhaustion requirements are created equal. Only statutory exhaustion requirements containing 'sweeping and direct' language deprive a federal court of jurisdiction." McBride, 229 F.3d at 980 (citing Anderson v. Babbitt, 230 F.3d 1158, 1162 (9th Cir. 2000); Rumbles, 182 F.3d at 1067); see also Cottrell, 213 B.R. 33 (exhaustion of administrative remedies not a jurisdictional prerequisite to court consideration of Chapter 13 debtor's claim even though exhaustion required by statute). In Bastek the court did not address whether the language of § 6912(e) was sweeping and direct, but merely stated that § 6912(e) was "explicit." However, the language in § 6912(e) is no more explicit than that in § 1997e(a) of the PLRA which no circuit considers jurisdictional. A contrary interpretation would make virtually all statutory exhaustion provisions jurisdictional, regardless of whether they contain sweeping and direct jurisdictional language. Such a rule cannot be squared with the Supreme Court's decision in Salfi.

After reviewing the cases and comparing § 6912(e) to other statutes we conclude that § 6912(e) is nothing more than "a codified requirement of administrative exhaustion" and is thus not jurisdictional. Salfi, 422 U.S. at 757; see also McBride,

-11-

290 F.3d at 980. Section 6912(e) was promulgated in 1994, almost twenty years after the Supreme Court's decision in Salfi distinguishing between jurisdictional and non jurisdictional exhaustion. Had Congress intended to limit subject matter jurisdiction by § 6912(e), it could have done so with explicit language as it has in other statutes. See, e.g., 8 U.S.C. § 1252(d)(1). To now interpret § 6912(e) as jurisdictional "would collapse the Supreme Court's distinction between jurisdictional prerequisites and mere codifications of administrative exhaustion requirements," Chelette, 229 F.3d at 687, and would run counter to our prior interpretation of similar statutes such as the PLRA.[4] Since we conclude that the district court did have subject matter jurisdiction over this case, we must consider its alternative reason for dismissing the insurers' complaint.

IV.

Appellants argue that the district court also erred by its ruling on the alternative ground that the insurers had not exhausted their administrative remedies. Appellants contend that exhaustion is not required since it would be futile because administrative remedies cannot redress their injuries and because their complaint presents legal questions which are best resolved by the courts. The FCIC responds that appellants do not qualify for the limited exceptions to the exhaustion doctrine. It contends that the Deputy Administrator of the FCIC and the Board can consider their claims, the Board can award appropriate monetary relief, and that the agency should have been allowed the opportunity to create an adequate administrative record for review before any complaint was filed in the district court. Because appellants have challenged the

---

[4]Other statutes that require exhaustion but which have been held to be non jurisdictional include § 7806 of the Hass Avocado Promotion, Research, and Information Act, 7 U.S.C. §§ 7801-7813, Avocados, 370 F.3d at 1248; and §§ 405(g)-(h) of the Social Security Act, Salfi, 422 U.S. at 757, 766. See also Anderson, 230 F.3d at 1162 (holding that 43 C.F.R. § 4.21(c), which requires exhaustion before appeals from decisions of the Interior Board of Indian Appeals is non jurisdictional).

agency action, they bear the burden of proving that exhaustion should be excused under their proffered theories. In Home Health, Inc. v. Shalala, 272 F.3d 554, 559-61 (8th Cir. 2001). We review the district court's decision on exhaustion de novo. Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 68 (8th Cir. 2001).

A party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if exhaustion would cause irreparable harm, if further administrative procedures would be futile, In Home Health, 272 F.3d at 560, or if the issues to be decided are primarily legal rather than factual. Missouri v. Bowen, 813 F.2d 864, 871 (8th Cir. 1987). The insurers claim that both the futility and legal issue exceptions apply, and we address each in turn.

An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief. See McCarthy v. Madigan, 503 U.S. 140, 147 (1992). In claiming they come under the futility exception the insurers allege that neither the FCIC nor the Board have the power to award damages. The Board's jurisdiction was set out by the Contract Disputes Act (CDA), 41 U.S.C. § 607(d), which provides that

> [e]ach agency board shall have jurisdiction to decide any appeal from a decision of a contracting officer (1) relative to a contract made by its agency, and (2) relative to a contract made by any other agency when such agency or the Administrator has designated the agency board to decide the appeal. In exercising this jurisdiction, the agency board is authorized to grant any relief that would be available to a litigant asserting a contract claim in the United States Court of Federal Claims.

Appellants argue that because the CDA only covers procurement contracts, 7 C.F.R. § 24.4 (defining contract under the CDA); Coastal Corp. v. United States, 713 F.2d 728, 730 (Fed. Cir. 1983), the Board lacks jurisdiction because the SRA is not a procurement contract.

Appellants overlook 7 C.F.R. § 400.169, which provides that "final administrative determinations of the [FCIC] ... may be appealed to the [Board]" if "the company believes that the [FCIC] has taken an action that is not in accordance with the provisions of the Standard Reinsurance Agreement." Because the implementation of AREERA and ARPA can affect the legal rights of appellants under the SRA, complaints over implementation are properly considered by the Board under 7 C.F.R. § 400.169. See Nat'l Crop. Ins. Services, Inc. v. Fed. Crop Ins. Corp., 351 F.3d 346 (8th Cir. 2003); Ace Property, AgBCA No. 2004-173-F, 2005 WL 3485623. Moreover, Section V of the 1998 SRA provided that an insurer could bring disputes before the Board under 7 C.F.R. § 400.169. While the Board could not decide the legality of the regulations in issue, interpreting the contractual language of the SRA is well within its purview.

Appellants also claim that the Board cannot award damages. Even though the FCIC was required by Congress to implement AREERA and ARPA and thus breach the SRA, it does not follow that the Board cannot award damages for the breach. See United States v Winstar Corp, 518 U.S. 839, 843 (1996). "On matters involving disputes over interpreting, explaining, or restricting the terms of the [SRA], the [Board also] has [the] authority and has authorized [the] award of monetary damages." Ace Property & Cas. Ins. Co. v. United States, AgBCA No. 2004-173-F thru 2004-184-F, 2005 WL 3485623 (December 21, 2005). "[W]hile FCIC was required to comply with the congressional mandate, nothing in that congressional action barred FCIC from paying or being responsible for breach damages caused by that compliance." Id. Because the Board has jurisdiction over the dispute and the power to award monetary relief, we conclude that appellants have not demonstrated that their administrative remedies would be futile.

Appellants finally argue that their failure to exhaust should be excused because the issues involved on this appeal are legal questions which are not suitable for administrative resolution and are more properly resolved by the courts. The FCIC

responds that while some of the issues to be determined involve factual questions, they are more properly considered legal questions which should be left to the expertise of the FCIC and the Board.

The legal issues exception is extremely narrow and should only be invoked if the issues involved are ones in which the agency has no expertise or which call for factual determinations. Jewel Companies, Inc. v. Fed. Trade Comm'n, 432 F.2d 1155, 1159 (7th Cir. 1970). The district court identified several facts which may remain in dispute, such as whether the SRA was a continuous contract with unvariable terms or a renewable contract whose terms will vary from year to year; what type of consideration was given; and whether the parties were under duress when they accepted Amendments No. 1 and 3. Ace Property, 357 F. Supp. 2d at 1151. Even though some of the issues involved are admittedly legal in nature, that does not necessarily mean they are questions that should excuse exhaustion.

The purpose of exhaustion is to prevent "premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the court the benefit of its experience, and to complete a record which is adequate for judicial review." Salfi, 422 U.S. at 765; see also West v. Bergland, 611 F.2d 710, 715 (8th Cir. 1979). Those goals would not be advanced if the administrative process was not completed here. The statutory scheme gives the FCIC and the Board special responsibility in respect to the proper application and interpretation of the SRAs. The administrative process is apparently moving forward successfully, see Ace Property, AgBCA No. 2004-173-F thru 2004-184-F, 2005 WL 3485623, and exercising jurisdiction at this stage would not allow the expertise of the FCIC and Board to develop a full administrative record for the benefit of any future judicial review. We conclude that appellants have not established any exception to the requirement that they exhaust their administrative remedies.

-15-

IV.

Accordingly, we affirm the judgment of the district court on the ground that none of the exceptions to the exhaustion doctrine excuse appellants' failure to exhaust their administrative remedies.

_____