# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2113

_____

Frederick Eldred Renneke,                    *
                                             *
              Appellant,                     *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    District of Nebraska.
Michael J. Astrue, Social Security           *
Administration, Commissioner,                *        [UNPUBLISHED]
                                             *
              Appellee.                      *

_____

Submitted: April 21, 2008
Filed: April 25, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Frederick Eldred Renneke (Renneke), a past recipient of Supplemental Security Income benefits, appeals the district court's[1] sua sponte dismissal of his case for lack of subject matter jurisdiction based on Renneke's failure to exhaust administrative remedies. Upon de novo review, see In Home Health, Inc. v. Shalala, 272 F.3d 554, 559 (8th Cir. 2001) (holding a district court's dismissal for lack of subject matter jurisdiction based on failure to exhaust administrative remedies is reviewed de novo),

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

we conclude dismissal was proper because Renneke is challenging the Social Security Administration's (SSA) notice of overpayment and termination of his benefits, and is still awaiting a hearing before an administrative law judge (ALJ) in the SSA's appeals process. See 42 U.S.C. § 405(g) (individual can obtain judicial review of "final decision of the Commissioner of Social Security"), 405(h) (findings and decision of Commissioner are binding; findings and decision will not be reviewed "except as herein provided"); 20 C.F.R. § 416.1400(a) (administrative review process includes initial determination, reconsideration, ALJ hearing, and review by Appeals Council); Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992) ("[T]he Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted."). Although Renneke does allege constitutional violations based on the SSA's policies and procedures, we conclude these claims are inextricably intertwined with his claim for benefits. Cf. Heckler v. Ringer, 466 U.S. 602, 614 (1984) (concluding, where the plaintiffs raised procedural claims related to the Secretary's decision to deny payments for surgery, those claims were inextricably intertwined with plaintiffs' claims for benefits; all aspects of claims should be channeled into the administrative process because the relief sought was invalidation of the Secretary's policy and declaration that a particular surgery was reimbursable).

To the extent Renneke's initial filings may be interpreted as seeking a writ of mandamus, we conclude Renneke did not meet the relevant jurisdictional requirements, because he did not allege (1) the SSA has a nondiscretionary duty to provide him an administrative hearing within a certain amount of time, see Taylor v. Barnhart, 399 F.3d 891, 894 (8th Cir. 2005) (explaining a writ of mandamus only is intended to provide a remedy if the plaintiff has exhausted all other avenues of relief and the defendant owes plaintiff a clear nondiscretionary duty), or (2) the SSA refused to afford him an administrative hearing, cf. Belles v. Schweiker, 720 F.2d 509, 510, 513 (8th Cir. 1983) (stating the district court had mandamus jurisdiction over the

plaintiff's claim that she was denied, inter alia, an opportunity for recoupment hearing to address injuries related to withheld social security benefits).

We affirm.

_____