# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3477

———————————————

Michael G. Wells

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————————

Submitted: June 17, 2014
Filed: June 23, 2014
[Unpublished]

——————————

Before BYE, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Michael G. Wells appeals the district court's[1] dismissal, for lack of subject matter jurisdiction, of his claim for reimbursement from Medicare for medical services provided. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The district court lacked subject matter jurisdiction because Wells failed to pursue administrative remedies available to him in 2005 when he discovered the intermediary's failure to pay. *See* 42 U.S.C. §§ 405(g), (h), 1395ii; *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (third sentence of § 405(h), made applicable to Medicare Act by § 1395ii, provides that § 405(g), to exclusion of 28 U.S.C. § 1331, is sole avenue for judicial review for all claims arising under Medicare Act); *In Home Health, Inc. v. Shalala*, 272 F.3d 554, 559 (8th Cir. 2001) (standard of review). In 2005, Wells's administrative remedies included the rights to request review of or a hearing on the intermediary's initial determination, seek an extension of time to request such review or hearing, or request that the intermediary reopen its initial determination (which, depending on the type of initial determination, can be made up to 4 years later if good cause is shown). *See* 42 C.F.R. § 405.801-.877, .1801-.1889 (Oct. 1, 2004 ed.); 42 C.F.R. § 405.940-.1140 (Oct. 1, 2005 ed.). Wells did not allege that he had pursued any steps in the administrative process, or that he had otherwise submitted to the Secretary of Health and Human Services the claim for payment that he asserts in this lawsuit. *See Mathews v. Eldridge*, 424 U.S. 319, 328-29 (1976) (section 405(g) includes nonwaivable jurisdictional requirement that plaintiff present claim to Secretary, which is essential and distinct precondition for § 405(g) jurisdiction). The district court did not abuse its discretion by ruling on the issue without first holding a hearing because Wells had the opportunity to submit evidence in support of jurisdiction and did not request a hearing. *See* Fed. R. Civ. P. 78(b); *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250-51 (11th Cir. 2005) (it is not abuse of discretion to decide motion to dismiss for lack of subject matter jurisdiction on basis of affidavits and other documents when neither party makes timely and unequivocal request for evidentiary hearing); *Berrios v. Dep't of Army*, 884 F.2d 28, 33 (1st Cir. 1989).

The judgment is affirmed.

_____