**Anne MONDOR and Randy Mondor, Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, et al., Defendants.**

**Civ. A. No. H–94–2069.**

United States District Court,
S.D. Texas,
Houston Division.

July 31, 1995.

Jimmy Williamson, Houston, TX, for plaintiffs.

Howard R. King, Funderburk & Funderburk, Houston, TX, Thomas E. Johnson, Baird Holm McEachen Pedersen, Hamann & Strasheim, Omaha, NE, for defendants.

## ORDER

HITTNER, District Judge.

Pending before the Court is a Motion for Summary Judgment filed by defendant Blue Cross and Blue Shield. Having considered the motion, the submissions and the applicable law, the Court determines that the motion should be granted.

This case arises out of a denial of a claim for health insurance benefits under a health benefits plan authorized by the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901–14 (1988) ("FEHBA"). The FEHBA Plan is the Government-wide Service Benefit Plan (the "Plan"), which the Federal Office of Personnel Management ("OPM") procures from the Blue Cross and Blue Shield Association. Plaintiffs Anne and Randy Mondor (the "Mondors") filed the instant action against Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of Florida and the Blue Cross and Blue Shield Association (hereinafter collectively referred to as "Blue Cross"). The Mondors are seeking reimbursement from their insurance company for the cost of life-saving surgery performed on Anne Mondor.

In 1992 Anne Mondor was diagnosed with a type of cancer known as multiple myeloma. Multiple myeloma arises from a defect which originates in plasma cells. Without the treatment in question, Mondor's physicians state that she would not have survived the illness. Multiple myeloma often responds to chemotherapy. However, chemotherapy not only destroys the cancerous cells but may also destroy bone marrow, rendering such a procedure fatal. Thus, the dose of such drugs which may safely be administered to a patient has historically been limited to the highest dose which does not produce unacceptable destruction of bone marrow cells. *See Plaintiff's Exhibit E*, Letter dated September 17, 1992, from Robert A. Flohr to Shirley R. Harris, at 1.

Cancer researchers, in attempt to avoid the destruction of bone marrow cells during chemotherapy, developed bone marrow transplant procedures whereby bone marrow is infused into the patient after he or she has received myeloablative dose chemotherapy, with the belief that the reinjected marrow cells will repopulate the patient's bone marrow and restore the immune and blood forming functions. *Id.* Mondor's physician recommended an allogeneic bone marrow transplant (HDC–AlloBMT), whereby bone marrow is obtained from a third party genetically similar to the patient. The hospital sought authorization from Blue Cross prior to performing the procedure. Blue Cross denied coverage stating that the Mondors' insurance policy excluded coverage for allogeneic bone marrow transplants for multiple myeloma. The hospital nevertheless performed the procedure.

After Blue Cross denied the claim, Mondor submitted her claim to the OPM in October 1992. Her claim was denied by OPM and Mondor filed suit in state court to recover the insurance benefits. Blue Cross removed to this Court pursuant to federal-question jurisdiction as the insurance policy in question is a federal government plan. Mondor filed a motion to remand and Blue Cross filed a motion to preempt state claims. Mondor's motion to remand was denied and the Court held that the state law claims were preempted by federal law.

Subsequently, after further briefing by the parties, the case was remanded to the OPM for further consideration based on additional evidence submitted. On December 13, 1994, OPM denied plaintiffs' request for a hearing and again denied their claim against Blue Cross.

The Blue Cross Plan at issue covers bone marrow transplants for non-Hodgkins

lymphoma.[1] There is a dispute over whether the Plan covers HDC–AlloBMT for multiple myeloma patients. The plaintiffs argue that multiple myeloma is a form of advanced non-Hodgkins lymphoma and that the procedure is therefore covered under the Plan. The defendants argue that multiple myeloma is different from advanced non-Hodgkins lymphoma and that the Plan does not cover bone marrow transplants for multiple myeloma patients.

■ OPM has implemented an administrative process for review of disputes over FEHBA benefit claims. 5 C.F.R. § 890.105. Exhaustion of this administrative procedure prior to filing a suit is mandatory. *Kobleur v. Group Hospitalization & Medical Serv., Inc.,* 954 F.2d 705, 713 (11th Cir.1992); *see also Burkey v. Government Employees Hosp. Ass'n,* 983 F.2d 656, 661 (5th Cir.1993) (agreeing with *Kobleur* ). The Mondors complied with all administrative requirements and their claim was denied.

■ This Court must determine whether the decision reached by OPM was correct. Central to this inquiry is what standard of review should this Court apply in reviewing the final decision of the OPM. Plaintiffs argue that the disputed facts in this case should be reviewed *de novo* and that they are entitled to a trial on the merits. Blue Cross on the other hand, insists that this Court is bound by the decision of the OPM unless the decision to deny coverage for the procedure is determined to be *arbitrary and capricious.*

The Administrative Procedure Act (APA) dictates that federal agencies' decisions must be upheld unless they are determined to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A) (1988), *Camp v. Pitts,* 411 U.S. 138, 140–43, 93 S.Ct. 1241, 1243–44, 36 L.Ed.2d 106 (1973) (per curiam); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 413–16, 91 S.Ct. 814, 822–24, 28 L.Ed.2d 136 (1971). Congress has

provided that the APA applies to all actions of federal agencies unless explicitly prohibited by statute. 5 U.S.C. § 701(b)(2) (1988). As Randy Mondor is a federal employee, his insurance benefits are administered through OPM. Under OPM regulations an insured may appeal to OPM for review of the insurance company's unfavorable decision regarding coverage. *See* 5 C.F.R. § 890.105 (1992).

The Mondors argue that the arbitrary and capricious standard of review does not apply to their case because OPM did not subject the insurance plan to a discretionary reading. Thus, argue the Mondors, because no discretion was used, the arbitrary and capricious standard does not apply. Plaintiffs further argue that arbitrary and capricious is the incorrect standard to apply because they were never given a chance to appear before OPM to present testimony, evidence, or cross examine Blue Cross' witnesses. Plaintiff argue that because the rationale behind applying the arbitrary and capricious standard is that a plaintiff already had an opportunity to impartially present his or her claim to the agency, in this instance, such application is inappropriate.

■ The OPM "is not required to hear oral testimony as long as a written record is compiled and reviewed." *Harris v. Mutual of Omaha Cos,* 992 F.2d 706, 713 (7th Cir. 1993). 5 U.S.C. § 553(c) requires an oral hearing for formal adjudications. However, as OPM's claim processes are considered informal adjudications, oral hearings are not required. 5 U.S.C. § 554(a). Thus, merely because OPM did not grant the Mondors an opportunity to present oral testimony does not preclude this Court from applying the arbitrary and capricious standard of review to its decision to deny coverage.

This is a case of first instance in the Fifth Circuit. Three other federal circuit courts of appeal have held in similar cases that OPM claims are subject to the "arbitrary and capricious" standard of review: *Caudill v. Blue Cross and Blue Shield of North Carolina,*

---

1. The Blue Cross Plan states that Allogeneic bone marrow transplant procedures is covered for (1) Acute leukemia, (2) Advanced Hodgkin's lymphoma, (3) Advanced Non–Hodgkin's lymphoma; (4) advanced neuroblastoma (children over age one),

(5) aplastic anemia, (6) chronic myelogenous leukemia, (7) infantile-malignant osteopetrosis, (8) severe combined immunodeficiency, (9) thalassemia major, and (10) Wiskott–Aldrich syndrome.

999 F.2d 74, 80 (4th Cir.1994); *Harris v. Mutual of Omaha Cos.*, 992 F.2d 706, 712–13 (7th Cir.1993); *Nesseim v. Mail Handlers Benefit Plan*, 995 F.2d 804, 807 (8th Cir. 1993). This Court also determines that the arbitrary and capricious standard of review is the correct legal standard to apply to OPM's decision in this instance.

█ Pursuant to the arbitrary and capricious standard of review, the only evidence this Court may consider is the administrative record before OPM at the time of its decision. *Harris*, 992 F.2d at 713 (stating that "[t]he Supreme Court has repeatedly made clear that, when reviewing the decision of an administrative agency, a court may consider only the evidence that was before the agency."). As aforementioned, the parties in this case hotly contest whether or not multiple myeloma is a form of advanced non-Hodgkin's lymphoma, covered by the Plan. OPM has reviewed this case twice. After the first denial of benefits by OPM in 1992, OPM reviewed substantial, additional evidence in 1994 after this case was remanded for further consideration.[2] Both sides submitted extensive expert reports in support of their position. After considering the record before it, OPM reached its decision to deny coverage. This Court cannot find, based on the record before OPM, that this decision was arbitrary or capricious.

█ The Mondor's argue that OPM's failure to provide detailed reasons for its decision, preclude a deferential standard of review. However, agencies are not required to make detailed factual findings to support their decision. *See Bowman's Trans., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 285–86, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974) (stating that "[w]hile we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (citations omitted); *see also Harris*, 992 F.2d 706 (7th Cir.1993) (finding that

although "curt," an agency decision that indicated determinative reason for outcome was not arbitrary or capricious) (citations omitted). In the instant case, OPM's path can reasonably be discerned from the evidence in the record and the final decision, supported by record before it.

Based on the foregoing, the Court hereby

ORDERS that the motion for summary judgment is GRANTED.

---

2. Included in the materials submitted to OPM was the Declaration of Joseph A. Ricci, M.D., *Defendant's Exhibit B;* and the affidavits of Ronald B. Herberman, M.D., *Defendant's Exhibit A*, Paul E. Zorsky, M.D., *Plaintiff's Exhibit B,* and Richard Champlin, M.D., *Plaintiff's Exhibit C.* For more information about the materials OPM reviewed, *see also Supplement to Defendant's Motion for Summary Judgment,* Declaration of Shirley R. Harris.